UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MCGHEE, | No. 2:17-cv-01951 AC P |
| Plaintiff, | |
| v. | ORDER |
| M. OSMAN, | |
| Defendant. | |

Plaintiff is a state prisoner at the California Medical Facility (CMF) proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against sole defendant and CMF physician Dr. Osman on the claim that he was deliberately indifferent to plaintiff's serious medical needs. The discovery deadline expired on May 25, 2018, and the deadline for filing dispositive motions is August 24, 2018. ECF No. 15. These dates will be extended by this order.

On May 24, 2018, defendant filed a motion to compel discovery, specifically, further responses to defendant's requests for admission and requests for production of documents served March 21, 2018. See ECF No. 16. By order filed July 11, 2018, the court directed plaintiff to file and serve a response to defendant's motion. ECF No. 17. On July 23, 2018, plaintiff filed a statement that he had complied with defendant's discovery requests to the best of his ability, requested appointment of counsel, and requested a sixty-day extension of time to provide any

1

additional responses. ECF No. 18. On July 30, 2018, defendant filed a reply asserting that plaintiff's supplemental responses served after defendant filed his motion to compel remain inadequate. ECF No. 20.

In both his motion and reply, defendant provides copies of the numerous contested requests and responses, generally asserts the inadequacy of the latter, and asks the court to compel plaintiff's further responses. However, defendant does not attempt to explain how each response or document is inadequate, instead leaving this analysis entirely to the court. For this reason, defendant's motion to compel will be denied without prejudice.

Defendant will be directed to prepare and serve plaintiff with Supplemental Requests for Admission, and Supplemental Requests for Production that distill and clearly identify what more defendant seeks. These Supplemental Requests shall be limited to the information previously sought by defendant and shall include no new requests. Plaintiff will be accorded the opportunity to respond.[1] If defendant's counsel remains dissatisfied, he shall file and serve a supported

---

[1] Plaintiff is informed of the following:

> Rule 36, Federal Rules of Civil Procedure, provides in pertinent part that "[a] party may serve on any other party a written **request to admit,** for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). If the responding party does not admit the matter, his or her answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it," and any "denial must fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. Any objection to a request must state the grounds for objection. Fed. R. Civ. P. 36(a)(5).
>
> Rule 34 authorizes a party to serve on any other party with a **request to produce documents**, electronically stored information, or other tangible evidence, that is relevant within the definition set forth in Rule 26(b). See Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B), (C).

motion that specifically explains, for each contested matter, how the response is inadequate and how the requested information is relevant to the factual and legal issues in this case. Plaintiff will be accorded the opportunity to respond.

Plaintiff's request for appointment of counsel will be denied without prejudice. The court does not find the required exceptional circumstances at this time: this action involves one claim against one defendant, and is therefore not particularly complex; to date, plaintiff has adequately articulated his claims pro se; and at this juncture the court is unable to ascertain the likelihood of plaintiff's success on the merits of this action.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel discovery, ECF No. 16, is denied without prejudice.

2. Within thirty (30) days after the filing date of this order, defendant shall serve plaintiff with Supplemental Requests for Admission and Supplement Requests for Production of Documents that comply with the requirements of this order.

3. Within thirty (30) days after service of defendant's Supplemental Requests, plaintiff shall serve defendant with his Supplemental Responses and Documents; no extension of time will be granted absent a showing of compelling need.

4. Neither defendant's Supplemental Requests, nor plaintiff's Supplemental Responses shall be filed with the court unless later required in support of a motion to compel discovery.

5. Any motion to compel discovery shall be filed and served by October 26, 2018, and shall specifically explain, for each contested matter, how the response is inadequate and how the requested information is relevant to the factual and legal issues in this case.

---

[2] Although district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, see Mallard v. U.S. District Court, 490 U.S. 296, 298 (1989), appointment can be made under certain exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits of his claims as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

6. Any response to a motion to compel discovery shall be filed and served within twenty-one (21) days after service of the motion; any reply shall be filed and served within seven (7) days thereafter. See Local Rule 230(l).

7. The discovery deadline is extended to October 26, 2018, for these limited purposes; the deadline for filing dispositive motion is extended to January 18, 2019.

8. Plaintiff's request for appointment of counsel and motion for extended time, ECF No. 18, are denied as moot.

IT IS SO ORDERED.

DATED: August 7, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE