UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MCGHEE,<br><br>            Plaintiff,<br><br>      v.<br><br>M. OSMAN,<br><br>            Defendant. | No. 2:17-cv-01951 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner at the California Medical Facility (CMF) proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] This action proceeds against sole defendant CMF physician Dr. Osman on the claim that he was deliberately indifferent to plaintiff's serious medical needs. Discovery has closed.

On January 15, 2019, defendant filed and served a motion for summary judgment. See ECF No. 23. Plaintiff's opposition to defendant's motion was due within twenty-one (21) days. Local Rule 230(l). However, plaintiff has not filed an opposition or otherwise communicated with the court.

---

[1] Review of the Inmate Locator Website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff, who is 68 years of age, remains incarcerated at CMF. See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

This order provides plaintiff one final opportunity to respond to defendant's motion. Plaintiff is informed that failure to respond will result in a recommendation that this action be dismissed without prejudice.

Local Rule 230(l) provides: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion[.]" Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 41(b), Federal Rules of Civil Procedure, provides:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Pursuant to this authority, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff shall, on or before Friday, March 15, 2019, file and serve an opposition to defendant's motion for summary judgment, OR file and serve a statement of non-opposition to defendant's motion.

2. Defendant may file and serve a reply within seven days after service of an opposition.

3. Should plaintiff fail to timely file and serve an opposition to defendant's motion, the undersigned will recommend that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: February 25, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE